**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **GREENTEK PROPERTY SOLUTIONS, LLC.,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION NO. _____** |
| **TRUIST BANK,** | ) ) | |
| **Defendant.** | ) ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Truist Bank ("Truist") gives notice of the removal of this action from the Circuit Court for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. As grounds in support of this removal, Defendant states as follows:

## I.      INTRODUCTION

1.      Plaintiff Greentek Property Solutions, LLC ("Greentek") commenced this action by filing a Complaint in the Circuit Court for Hillsborough County, Florida, Case No. 22-CA-000075, on January 4, 2023.

2.      In the Complaint, Plaintiff states that on January 14, 2022, Defendant Truist Bank processed six different wire transfers from Plaintiff's Truist bank accounts, totaling $82,500. *See* Compl. ¶ 7. Plaintiff alleges these wire transfers were unauthorized. *Id.*

3.      Based on these allegations, Plaintiff asserts claims for compensatory damages under Fl. Stat. § 670.204.

## II.    DIVERSITY JURISDICTION

4.    This Court has jurisdiction over all of Plaintiff's claims under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and where the action is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

### A.    The Parties are Diverse.

5.    Complete diversity exists between Plaintiff and Defendant.

6.    In the Complaint, Plaintiff states that it is a limited liability company formed under the laws of Florida with its principal place of business in Hillsborough County, Florida. *See* Comp. ¶ 3. To determine the citizenship of an LLC such as Plaintiff, for diversity purposes, this court must look to the citizenship of the LLC's individual members. *See Perez v. FCA US, LLC*, 2018 WL 11252316, at *1 (M.D. Fla. Aug. 6, 2018) (citing *Rolling Greens MHP, LLC v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)). John E. Franco and James F. Casey are the sole members of Greentek Property Solutions, LLC. John E. Franco and James F. Casey are citizens of Florida. Accordingly, Greentek is a citizen of Florida for the purposes of diversity.

7.    Defendant Truist Bank is a state-chartered bank organized under the laws of North Carolina. Truist was formed on December 7, 2019, by the merger of SunTrust Bank into Branch Banking and Trust Company, following which the surviving entity changed its name to Truist Bank. Truist's headquarters and principal place of business are located in Charlotte, North Carolina. Thus, Truist is a citizen of North Carolina and therefore, is not a citizen of the State of Florida. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has

its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance…").

8.     Plaintiff is a citizen of the State of Florida, and Defendant Truist Bank is not a citizen of Florida. As such, the parties are diverse, and removal is proper. *See* 28 U.S.C. § 1441(b)(2).

**B.     The Amount in Controversy Exceeds $75,000.**

9.     Removal is also proper because the facts in controversy support a finding that the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

10.     In the Complaint, Plaintiff specifically alleges that it has suffered actual damages in the amount of $82,500.00—the amount wired from Plaintiff's bank account. *See* Compl. ¶ 16; *see also* Comp. ¶¶ 7, 8, 14. Therefore, the amount in controversy exceeds the jurisdictional minimum.

11.     Because the allegations in Plaintiff's Complaint establish that the amount in controversy exceeds $75,000, exclusive of interest and costs, the case is properly removable.

**III.     ADOPTION AND RESERVATION OF DEFENSES**

12.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Truist Bank's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV.    PROCEDURAL REQUIREMENTS

13.    This is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of cases.

14.    A copy of the Complaint served on Truist is attached hereto as **Exhibit A**, in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleading, or order served upon Truist to date.

15.    This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty days from the date Truist was served with a copy of the Complaint. *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.").

16.    The United States District Court for the Middle District of Florida, Tampa Division is the court and division embracing the place where this action is pending in state court.

17.    Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Truist is filing a copy of same with the clerk of the Circuit Court for Hillsborough County, Florida, as well as a Notice of Filing Notice of Removal. Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

18.    Truist reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

19.    To the extent remand is sought by Plaintiffs or otherwise visited by this Court, Truist requests the opportunity to brief the issues and submit additional arguments and evidence, and to be heard at oral argument.

**WHEREFORE,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court for Hillsborough

County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

      Respectfully submitted, this 30th day of January, 2023.

*/s/ Benjamin B. Coulter*
Benjamin B. Coulter (FL Bar #1035581)

*Attorney for Defendant*
TRUIST BANK

**OF COUNSEL**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (204) 458-5110
bcoulter@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following parties by U.S. Mail and/or email, on this 30th day of January, 2023:

Trenton T. Leigh
THE SOLOMON LAW GROUP, P.A.
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606

Attorney for Plaintiff

*/s/ Benjamin B. Coulter*_____
OF COUNSEL